UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN L. MOORE, JR. (#410590)            CIVIL ACTION

VERSUS

BURL CAIN, ET AL.            NO. 15-0812-JJB-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 25, 2017.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN L. MOORE, JR. (#410590)                              CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                                         NO. 15-0812-JJB-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss of Defendant Tim Delany (R. Doc. 30). This Motion is opposed.

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Warden Burl Cain and Ass't Warden Tim Delany. Plaintiff complained that he was held in administrative segregation without an opportunity for exercise or other privileges for an excessive period of time – in violation of his right to due process and equal protection and in violation of prison rules – after he pleaded guilty to a rule infraction in August 2015. Plaintiff prayed for nominal damages and for prospective injunctive relief. Pursuant to a prior Ruling in this case (R. Doc. 33), Plaintiff's claims asserted against Defendant Burl Cain have been dismissed.

In the instant Motion, Defendant Delany first seeks dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of Plaintiff's claim asserted against Defendant Delany in his official capacity for monetary damages. In this regard, Defendant Delany is correct that § 1983 does not provide a federal forum for a litigant who seeks

monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, Plaintiff's claim asserted against Defendant Delany in his official capacity for monetary damages is subject to dismissal. In contrast, Plaintiff's claim for monetary damages asserted against Defendant Delany in his individual capacity remains theoretically viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29.

Turning to Plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, Defendant Delany next asserts, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court addressed the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly, supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly, supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed pro se is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Even a *pro se* complainant, however, must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678. The court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended, Plaintiff asserts that on August 21, 2015 he was placed in administrative segregation in connection with a disciplinary charge levied against him. He further asserts that he pleaded guilty to the disciplinary violation on August 24, 2015 with an apparent understanding that he would receive a sentence of "90 days cell block." Plaintiff complains, however, that he was thereafter maintained in administrative segregation while awaiting transfer to a cellblock and that he was denied certain privileges while housed at that classification level that he believed exceeded the scope of the disciplinary sentence. Specifically,

Plaintiff complained that he was denied any opportunity for exercise or "recreation" outside of the cell, that he was subjected to the "ordinancies of punitive segregation with out cause," and that several co-inmates who had arrived at his housing unit after him were transferred from the unit before he was.  Plaintiff alleges that he spoke with Defendant Delany on October 14, 2015 about these deprivations, but Defendant Delany walked away without providing any response other than to advise Plaintiff to obey prison rules in the future and thereby avoid placement in segregated confinement.  Plaintiff specifically alleges that the conditions of his confinement amounted to "punitive isolation" within the meaning of prison rules, which is a classification level to which he had not been sentenced and which is reserved for the most severe rule violations.  Plaintiff further complains that the cell in which he was maintained for 23¾ hours per day had only six feet of walking space and that this did not provide him with an adequate opportunity for exercise.  He further complains that he was thus being unlawfully deprived of his "mandated privilege to recreation," and he makes reference to the purported violation of a prison rule, "Rule 35," that was allegedly supposed to provide him with "72 hour eligibility review to recreation."  Finally, Plaintiff complains that there is no policy in the prison rulebook that "states the length of days a perason [sic] may be held in segreagation [sic] awaiting transfer" to another location within the prison.

In response to Plaintiff's allegations, Defendant Delany asserts that he is entitled to qualified immunity in connection with Plaintiff's claims.  Specifically, Defendant Delany contends that Plaintiff's allegations are insufficient to establish that Defendant Delany has participated in any violation of Plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  *Huff v. Crites*, 473

Fed. Appx. 398 (5th Cir. 2012). Taking the facts as alleged in the light most favorable to Plaintiff, the Court considers whether Defendant's conduct violated Plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time that the violation occurred. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-pronged analysis in a particular order – should not be "regarded as an inflexible requirement"). Under *Pearson v. Callahan*, courts have discretion to decide which of the two prongs of the analysis to address first. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Saucier v. Katz, supra,* 194 U.S. at 201. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation that he confronted. *Id*. at 202.

Undertaking the qualified immunity analysis with respect to Plaintiff's claims asserted against Defendant Delany, the Court concludes that Defendant Delany's Motion to Dismiss should be granted. In the first place, the Court sees no basis for a due process challenge in connection with Plaintiff's placement in administrative segregation and with his sentence to a punitive cellblock in this case. Plaintiff concedes that he was charged with a disciplinary violation on August 21, 2015 and that he subsequently pleaded guilty several days later so as to obtain a stipulated sentence of confinement in a punitive cellblock for 90 days. In this regard, it is well-settled that absent extraordinary circumstances, the due process clause is not implicated by an inmate's mere placement in administrative segregation. *See Palmer v. Cain*, 350 Fed. Appx. 956 (5th Cir. 2009); *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998). Further, the United States Supreme Court has concluded that the procedures attendant to prison disciplinary proceedings and to

subsequent segregated confinement do not implicate any constitutionally protected liberty interest that supports a due process claim unless the resulting punishment has subjected an inmate to an atypical and significant deprivation (evaluated in the context of prison life) in which the state might conceivably have created a liberty interest for the benefit of the inmate. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). The *Sandin* Court found that a disciplinary sentence of a housing change to segregated confinement was not so atypical as to give rise to a claim of the violation of procedural due process. *Id*. This Court similarly concludes that Plaintiff's placement in administrative segregation and his subsequent disciplinary sentence in this case, of confinement in a punitive cellblock for 90 days, did not result in such an atypical and significant deprivation as to support a due process claim. *See Dickerson v. Cain*, 241 Fed. Appx. 193, 194 (5th Cir. 2007) (finding that placement in segregated confinement at LSP was not an "atypical or significant hardship"). Thus, Plaintiff may not be heard to complain regarding any alleged deficiencies in the due process that was afforded to him in connection with the disciplinary charges in this case or with the imposition of punishment in connection therewith.

      Turning to Plaintiff's claim regarding the conditions to which he was subjected while confined in an administrative segregation cellblock at LSP, this claim may be seen to arise under the Eighth Amendment to the United States Constitution and its prohibition against cruel and unusual punishment, which provision prohibits the unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991), *citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The prohibition against cruel and unusual punishment, however, mandates only that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate

comfortable prisons ... but neither does it permit inhumane ones"). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter, supra*, 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison official responsible for the deprivation has been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In applying this standard, the determinative question is whether a defendant prison official subjectively knew that an inmate claimant faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Id*. Specifically, the prison official must be found to have personally been aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and the official must also be found to have drawn the inference. *Id*. at 837. While some conditions of confinement may establish an Eighth Amendment violation "in combination," when each would not do so alone, this will occur only when those conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Wilson v. Seiter, supra*, 501 U.S. at 305. The deliberate indifference standard is appropriately applied to the plaintiff's allegations regarding the conditions of his confinement. *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995); *Wilson v. Seiter, supra*, 501 U.S. at 303. Conclusory allegations, however, are not sufficient, and a plaintiff must allege facts to support what are otherwise broad and conclusory allegations of wrongdoing. *See Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

Applying the foregoing standard, the Court finds that Plaintiff has failed to allege facts sufficient to support a finding of liability relative to Defendant Delany or relative to the alleged conditions to which he was subjected within the administrative segregation housing unit at LSP. In the first place, Plaintiff has failed to sufficiently allege that Defendant Delany was personally deliberately indifferent to a perceived substantial risk of serious harm to Plaintiff. Specifically, all that Plaintiff has alleged is a single interaction with Defendant Delany on or about October 14, 2015, at which time Plaintiff allegedly complained about the conditions to which he was being subjected in administrative segregation. At that time, Plaintiff was awaiting transfer to a cellblock and had been confined at his then-classification level for less than two months, *i.e.*, for less than the period of his punitive sentence. Plaintiff does not allege that he complained to Defendant Delany regarding any actual or potential danger or risk of harm that Plaintiff was facing. To the contrary, Plaintiff alleges only that he complained about being subjected to deprivations "with out cause," that he was "intitled to [his] rights," and that there was no justifiable reason why he could not be transferred to another cellblock. *See* R. Doc. 4-1 at p. 3. Plaintiff alleges that he merely requested that Defendant Delany "check in to [Plaintiff's] situation." *Id*.

Based upon these assertions, there is no factual basis for concluding that Defendant Delany was personally placed on notice, or should have been placed on notice, that Plaintiff faced a substantial risk of serious harm or that Plaintiff was otherwise subjected to conditions "so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities.'" *Harris v. Angelina County, Texas, supra*, 31 F.3d at 334. Specifically, considering the relatively brief period of time, less than two months, that Plaintiff had been confined at that location, considering that Plaintiff was pending transfer to another location, and considering that Plaintiff does not allege that he informed Defendant Delany of any specific harm that he was suffering because of the

conditions to which he was subjected, Defendant Delany was not sufficiently made aware of a serious risk of danger that required attention.  As such, there is no factual basis for finding that Defendant Delany acted with deliberate indifference in response to Plaintiff's complaint.  Had Plaintiff been confined under such conditions for a much longer or indeterminate period of time or had he complained to Defendant Delany of a specific harm that he was facing because of the conditions to which he was subjected, the Court would analyze this issue differently.  *See Wilkerson v. Goodwin,* 774 F.3d 845, 854-55 (5th Cir. 2014), and cases cited therein (recognizing that the duration of a period of segregated confinement is an important factor in determining whether such confinement amounts to cruel and unusual punishment).  On the basis of Plaintiff's allegations before the Court, however, the Complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" relative to any deliberate indifference on the part of Defendant Delany.  *Ashcroft v. Iqbal, supra*, 556 U.S. at 678.[1]

In the alternative, upon a substantive review of Plaintiff's claims, it appears that these claims would fare no better.  Specifically, Plaintiff principally complains in his Complaint regarding his inability to exercise or leave his cell while confined in administrative segregation.[2]

---

1   To the extent that Plaintiff's Complaint may be interpreted as asserting a claim on behalf of other inmates who may have been deprived of exercise and other privileges while confined in administrative segregation, this claim is not cognizable in this Court.  Specifically, a *pro se* litigant does not have standing to assert the civil rights of third parties injured by a defendant's alleged unlawful conduct.  *See Roark v. Flanery,* 2014 WL 4447451, *26 (E.D. Tex. Sept. 9, 2014), *citing Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986).

2   Although Plaintiff makes non-specific references in his Complaint to other alleged deprivations, *i.e.,* to "punitive restrictions," to a denial of "rights" and "privilege[e]s," and to a lack of "recreation," he fails to provide any factual detail whatever as to the specific nature of the deprivations suffered.  Instead, Plaintiff focuses in his Complaint upon the small size of his cell and the fact that he was detained therein for 23¾ hours per day without any opportunity for exercise.  *Compare* Plaintiff's prison administrative grievance, wherein he complained, somewhat more specifically, that he was being confined "without recreation without contact visits and without daily privileges."  *See* R. Doc. 21-3 at p. 5.

In this context, the courts of this and other Circuits have long held that a reasonable opportunity for exercise is a basic human need that may not arbitrarily be revoked, *see, e.g., Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir.), *modified*, 688 F.2d 266 (5th Cir. 1982), and the Fifth Circuit has concluded that an extended deprivation of exercise opportunities may result in an impairment-of-health claim that is actionable under the Eighth Amendment, depending upon the particular facts of a given case. *See, e.g., Hewitt v. Henderson*, 271 Fed. Appx. 426, 428 (5th Cir. 2008). Neither the Fifth Circuit nor the United States Supreme Court, however, has held that prisoners enjoy an absolute right to out-of-cell exercise. Further, it is clear that prisoners have no protected liberty interest in any specific recreational opportunities, and a "[d]eprivation of exercise is not a *per se* constitutional violation." *Kron v. LeBlanc*, 2012 WL 4563957, *21 (E.D. La. Oct. 1, 2012), *Magistrate Judge's Recommendation approved*, 2013 WL 823550, *6-7 (E.D. La. March 6, 2013). Finally, Plaintiff is required to allege an actual injury caused by the actions of prison officials. *See Kron v. LeBlanc*, *supra,* at *22.

Applying the foregoing standard, the Court concludes that Plaintiff is unable to make a showing of deliberate indifference in this context. In *Hernandez v. Velasquez,* 522 F.3d 556, 560-61 (5th Cir. 2008), the Fifth Circuit upheld the dismissal of an inmate's claim that he had been maintained in segregated confinement for thirteen months without any opportunity for exercise outside of his cell. The Court further concluded in that case that even had Hernandez in fact suffered alleged "muscle atrophy, stiffness, loss of range of motion, and depression" as a result of such confinement, there was "no indication that these conditions posed a substantial risk of serious harm" sufficient to support a claim of deliberate indifference. Similarly, the Fifth Circuit in *Haralson v. Campuzano*, 356 Fed. Appx. 692, 697 (5th Cir. 2009), upheld the dismissal of an inmate's claim that he had been confined in a cell in the prison infirmary for seven months without

any opportunity for out-of-cell exercise.  *See also McCoy v. Newton County, Miss.*, 2015 WL 4726977 (S.D. Miss. Aug. 10, 2015) (dismissal of claim regarding 6-month confinement in administrative segregation without an opportunity for exercise).   In the instant case, Plaintiff was apparently held in an administrative segregation cellblock for no longer than five months, after which time he was apparently transferred to a different housing location where he presumably was no longer subjected to the deprivations of which he complains.[3]  Although he alleges that he requested medical attention on several occasions during his period of confinement, for "stiffness, ach[es], and pain," these types of generalized complaints have not been found to be serious enough to support a claim of deliberate indifference.  *See Hernandez v. Velasquez, supra*; *Haralson v. Campuzano*, *supra*.   The Court further notes in this context that Plaintiff requested only nominal damages in his Complaint, suggesting that he did not suffer any actual compensable injury as a result of his confinement.   Finally, in the absence of a showing of actual impairment to health, the Fifth Circuit has recently suggested "that two and a half years of segregation is a threshold of sorts for atypicality, … such that 18-19 months of segregation under even the most isolated of conditions may not implicate a liberty interest."  *See Bailey v. Fisher*, 647 Fed. Appx. 472, 476 (5th Cir. 2016), *citing Wilkerson v. Goodwin*, 774 F.3d 845, 855 (5th Cir. 2014) and *Hernandez v. Velasquez, supra*.   Accordingly, in light of the limited duration of Plaintiff's segregated

---

3   A review of the filings in this case reflect that Plaintiff was transferred to a different location at LSP (Falcon dormitory) no later than January 15, 2016.  *Compare* the address provided by Plaintiff in his initial filing dated November 17, 2015, "CBB" (presumably administrative Cell Block B), *see* R. Doc. 2 at p. 5, with the address, "Falcon 4," to which correspondence was sent to Plaintiff by a prison official on January 15, 2016, *see* R. Doc. 7 at p. 2.  *See also* R. Docs. 13 and 14, wherein Plaintiff notes his address in April and May, 2016, respectively, as "Camp D" and "Camp D Falcon 4."  *Cf.*, *Bailey v. Fisher, supra*, where the 5th Circuit Court remanded the matter because the record was unclear whether Plaintiff had been released from the restrictive conditions of which he complained.

confinement in this case and in light of the absence of any viable assertion of impairment of health, the Court finds that Plaintiff has failed to state a claim for relief relative to this issue.[4]

In addition to the foregoing, the Court finds that Plaintiff has also failed to allege facts that support an equal protection claim based upon his allegation that other inmates confined in administrative segregation were released from that location before he was. In this regard, the Equal Protection Clause of the Fourteenth Amendment requires essentially that all persons similarly situated be treated alike. *See Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). In order to successfully plead an equal protection claim, an inmate plaintiff must allege and show that he is a member of a specific group and that prison officials have acted with a discriminatory purpose because of such membership. A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001), *quoting Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988). An inmate cannot base an equal protection claim solely on a personal belief that he has been a victim of discrimination. *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). Specifically, vague and conclusory allegations are insufficient to support an equal protection claim. *See Pedraza v. Meyer*, 919 F.2d 317, 318 n. 1 (5th Cir. 1990).

---

4    Plaintiff makes reference in his Complaint to an alleged violation of a purported "Rule 35" at LSP that would allegedly have entitled him to a 72-hour evaluation for suitability for exercise outside of his cell. Even if this Rule were violated, however, the law is clear that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process." *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006), *quoting Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Jackson v. Cain*, 864 F.2d 1235, 1253 (5th Cir. 1989). *See also Woodard v. Andrus*, 419 F.3d 348, 1252-53 (5th Cir. 2005) ("[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights"). Accordingly, to the extent that Defendant Delany may be found to have violated a prison rule or regulation, this conduct does not rise to the level of a constitutional violation cognizable under § 1983.

In the instant case, all that Plaintiff has factually alleged is that certain inmates confined in the administrative segregation cellblock were released from that location before he was. Plaintiff has not sufficiently alleged, however, that he was similarly situated to co-inmates who were assigned to that location or released from that housing unit for different reasons or that prison officials had a discriminatory purpose in maintaining Plaintiff therein. Nor has Plaintiff adequately alleged that Defendant Delany had any personal involvement in determining when or to where Plaintiff and/or other inmates were transferred within the institution. As a convicted inmate, Plaintiff is not a member of a suspect class that is entitled to special protection under the Constitution. Accordingly, the Court finds that Plaintiff has failed to adequately plead a claim relative to the denial of equal protection, and Defendant Delany is entitled to dismissal of this claim as a matter of law.

Finally, Plaintiff has also included a request for injunctive relief in his Complaint. Notwithstanding, inasmuch as Plaintiff has since been transferred from confinement in administrative segregation and is no longer subject to the alleged deprivations at that location, his claim for prospective injunctive relief has been rendered moot by such transfer and is no longer properly before the Court. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (recognizing that an inmate's transfer from an offending institution normally "render[s] ... claims for declaratory and injunctive relief moot"). In the absence of a plausible allegation that Plaintiff is likely to be returned to administrative segregation under circumstances that will not allow him to assert his rights at that time, it appears clear that this claim is no longer properly before the Court.[5]

---

5   In addition to the foregoing, the Court notes that Plaintiff's Opposition to Defendant's Motion to Dismiss includes a comment that "if he was appointed counsel … the entrust [sic] of justice would be best served." *See* R. Doc. 31 at p. 3. To the extent that this comment may be

Whereas Plaintiff seeks to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having considered the allegations of Plaintiff's Complaint and having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## **RECOMMENDATION**

It is recommended that the Court decline the exercise of supplemental jurisdiction over Plaintiff's state law claims. It is further recommended that the Motion to Dismiss of Defendant Tim Delany (R. Doc. 30) be granted, dismissing Plaintiff's claims asserted against this Defendant, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on July 25, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

interpreted to be a request for appointment of counsel by the Court, the Court notes that it has previously determined that such appointment is not warranted in this case, *see* R. Doc. 16, and the Court finds no reason to revisit that prior determination.